DISTRICT OF MINNESOTA
Criminal No. 15-165(33)(JRT/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

(33) CHRISTOPHER ERVING PEOPLES,

        Defendant.

**GOVERNMENT'S POSITION
WITH RESPECT TO
SENTENCING**

     The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Deidre Y. Aanstad, Assistant United States Attorney, hereby submits its position with respect to sentencing of defendant Christopher Erving Peoples.  For the reasons set forth below, the government respectfully requests that the Court impose a sentence of 19 months of imprisonment followed by a term of supervised release.

## INTRODUCTION

     On May 20, 2015, a 12-count Indictment was returned by a grand jury sitting in the District of Minnesota charging the defendant and 40 other individuals with conspiracy to distribute heroin, methamphetamine, oxycodone, hydromorphone, hydrocodone, and methadone, to the communities in and surrounding the Red Lake and White Earth Indian Reservations in the District of Minnesota and Native American communities elsewhere. (District Court Docket ("DCD") 1.)  Subsequently, the defendant entered a plea guilty to the conspiracy alleged in the Indictment on January 21, 2016.

I.      <u>Offense Conduct</u>

During the spring and summer of 2014, law enforcement began investigating the drug trafficking activities of Omar Sharif Beasley.  According to information provided by community members as well as investigation, law enforcement was aware that Beasley was distributing large quantities of heroin in and around the Red Lake Indian Reservation. Further, Beasley was using local community members to assist him in the distribution of controlled substances.  A break in the investigation came on October 3, 2014, when law enforcement from the Red Lake Police Department executed a warrant at a residence on the Red Lake Indian Reservation.  Inside the residence, officers located the defendant and several of the defendant's co-conspirators and approximately 1300 grams of heroin.  The defendant and his co-conspirators located inside the home were arrested on tribal or state charges.  Shortly after his arrest, the defendant was charged and convicted in state court with Controlled Substance Crime in the Fifth Degree.  That offense was based on heroin found on the defendant's person at the time of his arrest on October 3, 2014.  As a result of his conviction, the defendant was sentenced to serve 21 months with the Minnesota Department of Corrections.

As the investigation continued, law enforcement learned that the conspiracy extended not only to the Red Lake Indian Reservation, but also to the White Earth Indian Reservation and other Native American communities elsewhere.  During the course of the investigation, law enforcement learned the extent of the defendant's role in the Beasley DTO.  Specifically, the defendant distributed heroin, traveled to Detroit and Milwaukee, and provided transportation for Beasley in and around the Red Lake Indian Reservation.

Based on the defendant's admissions to the Court at the time of his change of plea hearing, the defendant distributed between 20 and 40 grams of heroin from at April 2014 through January 2015.  The defendant admitted that he distributed heroin for the Beasley DTO on at least two occasions.  The defendant indicated that he was paid in heroin for his work for the Beasley DTO.

II.   Prior Criminal History and Post-Charge Conduct

As outlined in the Presentence Report prepared in this matter, the defendant is no stranger to the criminal justice system.  Based on the defendant's prior convictions, the defendant has six criminal history points for the following prior convictions:

| Date of Conviction | Conviction | Court of Conviction | Sentence |
|---|---|---|---|
| August 28, 2008 | Gross Misdemeanor Third Degree Driving While Impaired | Hennepin County | 365 days stayed and ultimately executed after a probation violations |
| August 28, 2008 | Felony Fleeing Peace Officer in a Motor Vehicle | Hennepin County | 12 months and 1 day stayed and ultimately executed after probation violations |
| July 21, 2008 | Felony Theft | Ramsey County | 15 months stayed and ultimately executed after probation violations |
| January 20, 2009 | Misdemeanor Theft | Hennepin County | Fined |
| July 21, 2009 | Gross Misdemeanor Domestic Assault | Anoka County | 365 days jail stayed |
| May 9, 2012 | Felony Theft | Crow Wing County | 18 months imprisonment executed |
| May 9, 2012 | Felony DWI | Crow Wing County | 48 months stayed |

In addition to the prior convictions used to calculate his criminal history category, the defendant has the additional prior convictions:

| Date of Conviction | Conviction | Court of Conviction | Sentence |
|---|---|---|---|
| June 4, 2001 | Misdemeanor Domestic Assault | Anoka County | 30 days stayed and ultimately executed after probation violations |
| September 26, 2001 | Gross Misdemeanor Domestic Assault | Hennepin County | 365 days stayed and ultimately executed after probation violations |
| November 8, 2003 | Misdemeanor Driving While Impaired | Anoka County | 90 days stayed and ultimately executed after probation violations |
| September 26, 2003 | Felony Domestic Assault | Hennepin County | 12 months and 1 day stayed and ultimately executed after probation violations |
| September 17, 2008 | Misdemeanor Disorderly Conduct | Ramsey County | 7 days jail. |
| December 22, 2014 | Felony Controlled Substance Crime in the Fifth Degree | Beltrami County | 21 months of imprisonment executed (**Relevant Conduct**) |

## SENTENCING GUIDELINES CALCULATION

The district court should begin sentencing proceedings by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). In this matter, the defendant pled guilty to Conspiracy to distribute heroin. The PSR correctly determined that the adjusted offense level for distributing 20 to 40 grams of heroin is 16.[1]  (PSR ¶¶

---

[1] The PSR notes that the defendant's base offense level should be 30 because the defendant was located in a resident during the execution of a search warrant with co-conspirators and

4

104 and 111.)  Further, the PSR appropriately determined that the defendant is entitled to a 3-level adjustment for acceptance of responsibility.  (PSR ¶¶ 113 and 114.)  Finally, the PSR correctly concluded that the defendant's criminal history category is VI.  (PSR ¶ 138.)

Based on the Probation Office's guidelines calculations, the PSR concluded that the defendant's Guidelines range for Conspiracy to Distribute Heroin is 33 to 41 months of imprisonment.  (PSR ¶ 177.)  And, for the reasons outlined in the next section, the government respectfully requests that the Court impose a sentence of 19 months' imprisonment for conspiracy to distribute between 20 and 40 grams of heroin on the Red Lake Indian Reservation and surrounding communities.

## SECTION 3553(a) SENTENCING FACTORS

In determining a sentence sufficient, but not greater than necessary, to accomplish the federal sentencing goals outlined in 18 U.S.C. § 3553, a Court must examine multiple factors including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the

---

1300 grams of heroin.  Certainly, the defendant knew that the residence in which he resided and was ultimately searched was being used to store and distribute large amounts of heroin. However, during the execution of the search warrant, the defendant was found in the locked basement away from other co-conspirators and the heroin.  The government had no evidence that the defendant was even aware that 1300 grams of heroin had been transported to the residence on October 3, 2014, prior to the search warrant.

most effective manner; and the need to avoid unwarranted sentencing disparities.  *See* 18 U.S.C. § 3553(a).  In this case, considering all of the sentencing factors, the government respectfully submits that a sentence of 19 months' imprisonment is appropriate for the defendant.  Such a sentence would be sufficient, but not greater than necessary, to accomplish the federal sentencing goals in this case.

I.      Nature and Circumstances of the Offense

Here, the defendant has agreed that he was a distributor in the Beasley DTO and has provided some information regarding the true extent of his role in Beasley's distribution network on the Red Lake Indian Reservation and surrounding communities.  As Beasley began his large-scale operation, the defendant assisted him and other co-conspirators in distribution, transportation, and facilitation.  An arrest is the only thing that stopped the defendant from participating in the conspiracy.  Although a reported addict himself, the defendant distributed heroin to individuals on the Red Lake Indian Reservation and surrounding communities.  Further, the defendant assisted Beasley in growing his operation and insuring a stream of heroin from Detroit and Milwaukee to the Red Lake Indian Reservation.  The defendant's actions did not only impact his own health and well-being.  Rather, the defendant contributed to a significant epidemic on the Red Lake Indian Reservation, a community that was not his own.

The government does not dispute that the defendant has served 21 months in the state correctional facility for conduct that is relevant to his offense.  However, based on current Minnesota law, the defendant actually served 14 months of imprisonment.  Further, the defendant term of imprisonment did not encompass the whole of his actions.  As such

6

and based upon the nature and circumstances of the offense, a sentence of 19 months' imprisonment is a fair and just sentence. The defendant actively distributed heroin on the Red Lake Indian Reservation and to surrounding communities. The defendant further facilitated the DTO by providing transportation and assistance in couriering drugs between Detroit and Milwaukee and the Red Lake Indian Reservation.

II.    History and Characteristics of the Defendant

By the defendant's own report and supporting documentation provided by his counsel, the defendant has led a life that included significant mental, sexual, and physical abuse, chemical dependency, and family strife. The defendant turned to drugs and alcohol at a young age. The defendant turned to crime at a young age. As a result, the defendant has contributed to his entry into a life of going through a revolving door of imprisonment. Most recently, while on supervised release, the defendant has done well at a halfway house in Bemidji, Minnesota. The defendant has maintained sobriety while in a controlled setting.

Although the defendant's upbringing, chemical dependency, and current success on supervised release may reflect the need for a lesser sentence, the defendant's role in the offense mitigates against a lesser sentence. When the defendant's role is compared with other co-conspirators, a sentence of 19 months' imprisonment is fair and just.

III.   A Fair and Just Sentence

In evaluating what is a sufficient, but not greater than necessary, sentence, the Court must examine several societal factors in addition to the specific factors surrounding the offense and the defendant. Namely, the Court must impose a sentence that reflects the

7

seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Further, the Court must impose a sentence that affords adequate general and specific deterrence to criminal conduct. Here, a sentence of 19 months' imprisonment balances all these societal and personal factors.

Here, although the defendant had his own struggles with addiction, the defendant enabled and contributed to Red Lake's epidemic of heroin and substance abuse. The defendant assisted in bringing drugs to a community that was not his own. There is no secret about the struggles that Red Lake Band members face with addictions. There is no secret about the outside influences that bring drugs to the reservation and impact individual community members and the community as a whole. This defendant was one of the outside influences. The defendant chose to not be just a user, but to be a distributor in an organization that poisoned the Red Lake community. To promote respect for the law and reflect the seriousness of the offense, the defendant must be punished for his actions. Further, there must be an adequate sentence in hopes of deterring others from becoming those outside influences that impact an entire community.

After reviewing all the factors set forth in 18 U.S.C. § 3553(a), a sentence of 19 months' imprisonment is a sufficient, but not greater than necessary, sentence.

## <u>CONCLUSION</u>

The government respectfully requests that the Court impose a sentence of 19 months' imprisonment followed by a term of supervised release.   This sentence is reasonable as guided by the factors outlined in 18 U.S.C. §§ 3553(a).

Dated: July 8, 2016

Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

s/Deidre Y. Aanstad

BY:  DEIDRE Y. AANSTAD
Assistant U.S. Attorney
Attorney ID No. 0331788